L.J. CAMPBELL *v*. STATE of Arkansas

CR 89-36                                                         769 S.W.2d 730

Supreme Court of Arkansas
Opinion delivered March 3, 1989

PER CURIAM. Petition for Writ of Prohibition is denied.

GLAZE, J., concurs.

PURTLE, J., dissents.

TOM GLAZE, Justice, concurring. Petitioner files a petition for writ of prohibition a week before trial and alleges the Newton County Circuit Court has violated his speedy trial rights. He files what might charitably be called a "partial transcript" which is

certified by the Newton County Circuit Clerk. The partial transcript contains duplicate copies of the petitioner's petition and motion to dismiss which he filed both in this court and the court below. Except for a copy of the information filed in this cause, the few other instruments contained in the circuit clerk's transcript pertain to matters that are wholly irrelevant to his petition for writ of prohibition. In sum, the petitioner offers no transcript of any of the court proceedings held below and includes no docket sheet which reflects the events that have occurred in this case. There simply is nothing before this court that would allow it to do anything but deny the petitioner's request for a writ.

JOHN I. PURTLE, Justice, dissenting. The temporary writ of prohibition should be granted because it is obvious the time for a speedy trial has run. At most a temporary writ would delay a trial for the time being. However, a trial would needlessly cost the state and county a considerable amount of money.

The zeal to do justice can sometimes do much harm and it seems to me it has done so here. To cause a person the trouble and expense of a trial, and possibly a prison sentence, without good cause is surely an injustice. In my opinion such an injustice has been done in this case.

Petitioner was arrested on the pending charge on March 19, 1987 and posted bond. He was sentenced to the Arkansas Department of Correction on an unrelated charge on November 3, 1987, and has been imprisoned continuously since that date. He has been incarcerated for more than fifteen months. Almost two years have elapsed since his arrest. He filed this petition for prohibition in this court on January 6, 1989. The record was tendered to this court on February 22, 1989.

I find no excludable periods. Therefore, the time has expired and the petition should be granted.